IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL ANN MOORE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC. | : | NO. 07–461 |

## MEMORANDUM AND ORDER

**L. Felipe Restrepo**                                                            **December 6, 2007**
**United States Magistrate Judge**

      On December 5, 2007, defendant Home Depot submitted a trial brief regarding the admissibility of P-37, plaintiff Carol Ann Moore's summary of medical benefits paid by Independence Blue Cross, the Federal Employees Health Benefits Program, and the Commonwealth of Pennsylvania's Department of Public Welfare, pursuant to her claim for past medical expenses in this action.  Counsel for Home Depot has stipulated to these records' authenticity, but argues that plaintiff failed to show that the medical charges incurred are medically necessary and reasonable.  The Court heard oral argument on the motion on December 6, 2007, and finds that there is no evidence whatsoever on the record before the court establishing via competent medical evidence that the medical charges at issue were reasonable.

      In order to prove special medical damages in a personal injury action, plaintiff must prove:

        1)    that the medical services were rendered;
        2)    what the reasonable charges were therefor;
        3)    that the services for which they were rendered were necessary;
                  and
        4)    that they are related to the trauma suffered in the accident.

Ratay v. Liu, 260 A.2d 484, 486 (Pa. Super. 1969); see also Medunic v. Lederer, 533 F.2d 891, 893 n.4 (3d Cir. 1976).

The court finds that plaintiff has presented sufficient evidence of medical necessity and that the medical services rendered were related to the trauma suffered in the accident. The court can infer necessity of medical services from the fact that a physician requested that they be performed. Kravinsky v. Glover, 396 A.2d 1349, 1357 (Pa. Super. 1979). Here, both Drs. Benson and Witkin adequately testified as to the reasons why they performed treatment or requested that the services rendered to Ms. Moore be performed, and Dr. Witkin testified that she believed the treatment to be necessary as a result of the accident in question.

However, plaintiff has offered no proof of the reasonableness of Ms. Moore's past medical expenses. The amount actually paid for medical services is relevant in determining the reasonable value of those services, but, contrary to plaintiff's contention, is not dispositive. Kashner v. Geisinger Clinic, 638 A.2d 980, 982 (Pa. Super. 1994). In addition, the jury must consider the amount billed to the plaintiff and the relative market value of the medical services, as determined by the average charges in the region where the services were performed. Id. The parties cite Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786 (Pa. 2001). While Moorhead held that a plaintiff cannot recover more than the amount actually paid for the medical services rendered, it did not disturb the underlying burden of proof articulated in Kashner. Moorhead v. Crozer Chester Med. Ctr., 765 A.2d 786, 786 (Pa. 2001) (holding that an award of more than the actual amount paid for medical services would result in a windfall to the plaintiff).

A physician is competent to testify to the reasonableness of medical charges for services rendered by other doctors and hospitals. Ratay, 260 A.2d at 486. In the instant case plaintiff did

not ask any of the physicians she called to testify to discuss the reasonableness of the medical charges incurred, see, e.g., Ratay, 260 A.2d at 485 (where the court found sufficient evidence of both reasonableness and necessity where a physician testified that "all the charges appearing on the … exhibits were reasonable and that all the services rendered therefore were necessitated" by the alleged accident) nor provide any other testimony on this issue. Thus, the court cannot find sufficient evidence of reasonableness of the charges to submit these damages to the jury.

My Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL ANN MOORE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC, | : | NO. 07–461 |

# O R D E R

AND NOW, this 6th day of December, 2007, having considered defendant's trial brief regarding the admissibility of plaintiff's medical bills relevant to plaintiff's trial exhibit # 37 as well as oral argument from both counsel it is hereby **ORDERED**, that the Defendant's motion is **GRANTED.**

BY THE COURT:

/s/ L. Felipe Restrepo
L. Felipe Restrepo
United States Magistrate Judge